SEYFARTH SHAW LLP
David D. Jacobson (SBN 143369)
djacobson@seyfarth.com
Lauren S. Schwartz (SBN 312253)
lschwartz@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAY MONDELL ROSS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1-10, inclusive,

Defendants.

Case No. 2:26-cv-08808

**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COSTCO WHOLESALE CORPORATION**

[Los Angeles County Superior Court Case No. 26STCV21227]

*[Filed concurrently with Civil Case Cover Sheet; Corporate Disclosure Statement; Declaration of Lauren S. Schwartz; Notice of Interested Persons; Notice of Pendency of Other Action]*

Complaint Filed: July 6, 2026

# TABLE OF CONTENTS

Page


I. PROCEEDINGS IN STATE COURT .......... 1

II. TIMELINESS OF REMOVAL .......... 2

III. CLASS ACTION FAIRNESS ACT REMOVAL .......... 2

IV. PLAINTIFF AND COSTCO ARE MINIMALLY DIVERSE .......... 3

V. COSTCO IS NOT A GOVERNMENTAL ENTITY .......... 4

VI. THERE ARE MORE THAN 100 POTENTIAL CLASS MEMBERS .......... 4

VII. THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY MINIMUM .......... 4

- A. Costco Need Only Show That The Amount In Controversy Exceeds The Statutory Minimum .......... 4
- B. The Total Amount In Controversy Exceeds $5 million .......... 6
  - 1. Waiting Time Penalties Alone Exceed $5 million .......... 6
  - 2. Plaintiff's Other Claims Place Even More Amounts In Controversy .......... 8

VIII. VENUE .......... 15

IX. NOTICE OF REMOVAL .......... 15

X. PRAYER FOR REMOVAL .......... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cabrera v. S. Valley Almond Co.*, No. 121CV00748AWIJLT, 2021 WL 5937585 (E.D. Cal. Dec. 16, 2021) ................. 12

*Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646 (9th Cir. 2012) ................. 14

*Cavada v. Inter-Cont'l Hotels Grp., Inc.*, 2019 WL 5677846 (S.D. Cal. Nov. 1, 2019) ................. 10

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018) ................. 13

*Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 U.S. Dist. LEXIS 86920 (C.D. Cal. July 27, 2010) ................. 14

*Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014) ................. 5

*Franke v. Anderson Merchandisers LLC*, No. CV 17-3241 DSF, 2017 WL 3224656 (C.D. Cal. July 28, 2017) ................. 5

*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir. 1980) ................. 4

*Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018) ................. 13

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) ................. 5, 13

*Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) ................. 3

*Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193 (9th Cir. 2015) ................. 5

*Johnson v. Parsec, Inc.*, 2022 WL 17407960 (C.D. Cal. Dec. 2, 2022) ................. 9

*Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088 (9th Cir. 1983) ................. 3

*Longmire v. HMS Host U.S., Inc.*, No. 12-cv-2203, 2012 WL 5928485 (S.D. Cal. Nov. 26, 2012) ................. 13

*Medrano v. Genco Supply Chain Solutions*, No. 1:10-cv-01555-LJO-SKO, 2011 WL 92016 (E.D. Cal. January 11, 2011) ................. 6

*Muniz v. Pilot Travel Centers LLC*,
No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504 (E.D. Cal. May 1, 2007) .......... 13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999) .......... 2

*Nunes v. Home Depot U.S.A., Inc.*,
No. 2:19-CV-01207-JAM-DB, 2019 WL 4316903 (E.D. Cal. Sept. 12, 2019) .......... 10, 12

*Oda v. Gucci Am., Inc.*,
No. 2:14-CV-07469-SVW, 2015 WL 93335 (C.D. Cal. Jan. 7, 2015) .......... 12

*Powers v. Eichen*,
229 F.3d 1249 (9th Cir. 2000) .......... 14

*In re Quintas Securities Litigation*,
148 F. Supp. 2d 967 (N.D. Cal. 2001) .......... 14

*Ramos v. Schenker, Inc.*,
No. 5:18-cv-01551-JLS-KK, 2018 WL 5779978 (C.D. Cal. Nov. 1, 2018) .......... 14

*Rivera v. Jeld-Wen, Inc.*,
2022 WL 3702934 (S.D. Cal. Feb. 4, 2022) .......... 9

*Rodriguez v. AT&T Mobility Servs., LLC*,
728 F.3d 975 (9th Cir. 2013) .......... 4

*Sanchez v. Abbott Lab'ys*,
2021 WL 2679057 (E.D. Cal. June 30, 2021) .......... 10, 12

*Trigueros v. Stanford Fed. Credit Union*,
No. 21-CV-01079-BLF, 2021 WL 2649241 (N.D. Cal. June 28, 2021) .......... 12

*Unutoa v. Interstate Hotels & Resorts, Inc.*,
No. 2:14-cv-09809-SVW-PJW, 2015 WL 898512 (C.D. Cal. March 3, 2015) .......... 5

*Valdez v. Allstate Ins. Co.*,
372 F.3d 1115 (9th Cir. 2004) .......... 6

*Wheatley v. MasterBrand Cabinets, LLC*,
No. EDCV 18-2127 JGB (SPx), 2019 WL 688209 (C.D. Cal. Fe. 19, 2019) .......... 14

*Wren v. RGIS Inventory Specialists*,
No. C-06-05778 JCS, 2011 U.S. Dist. LEXIS 38667 (N.D. Cal. Apr. 1, 2011) .......... 14

**Statutes**

28 U.S.C.
§ 1332 .......... 4
§ 1332(c) .......... 3

§ 1332(d)(2) .......... 1, 2, 4
§ 1332(d)(2)(A) .......... 3
§ 1332(d)(5) .......... 2
§ 1332(d)(5)(B) .......... 4
§ 1332(d)(6) .......... 2, 4
§ 1441(a) .......... 1, 2, 4
§ 1446 .......... 1, 2
§ 1446(d) .......... 15
§ 1453 .......... 1

Business and Professions Code § 17200 *et seq.* .......... 1, 13

Cal. Code Civ. Proc. § 382 .......... 8

Cal. Lab. Code
§§ 201-203 .......... 6
§ 203 .......... 6, 7
§ 226 .......... 8
§ 226(a) .......... 8
§ 226 (e) .......... 8
§ 226.7 .......... 11
§ 512 .......... 11
§ 516 .......... 11
§ 1198 .......... 11

Class Action Fairness Act .......... *passim*

**Other Authorities**

Sen. Jud. Comm. Rep., S. REP. 109-14 .......... 5

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Costco Wholesale Corporation files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, because original jurisdiction exists under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005—"CAFA"), and that venue is proper in this Court because Plaintiff is a resident of California and has sued Costco in Los Angeles County Superior Court.

## I. PROCEEDINGS IN STATE COURT

1. On July 6, 2026, Plaintiff filed the attached Complaint on behalf of all similarly situated current and former employees in the Superior Court of California for the County of Los Angeles, in a lawsuit entitled *Ray Mondell Ross, on behalf of himself and all others similarly situated, v. Costco Wholesale Corporation*, Case No. 26STCV21227. The Complaint asserts seven causes of action: (1) failure to provide compliant meal periods; (2) failure to provide compliant rest periods; (3) failure to pay wages owed at termination; (4) failure to furnish accurate, itemized wage statements and maintain accurate records; (5) failure to reimburse business expenses; (6) failure to accurately accrue and pay sick leave; (7) failure to provide suitable seating; and (8) violations of Business and Professions Code § 17200 *et seq.*

2. The Complaint is on behalf of Plaintiff and "other similarly situated current and former employees of Defendant." The Complaint alleges a class defined as "all persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as non-exempt employees in the State of California, at any time since four (4) years prior to filing this action through the date judgment is rendered in this action." Complaint ¶ 55.

3. On August 7, 2026, Costco timely filed an Answer to Plaintiff's Complaint in Los Angeles County Superior Court. Schwartz Decl. ¶ 3, Ex. B.

4. Costco denies that Plaintiff and the proposed class are entitled to anything

but treats the Complaint's allegations as true for purposes of this notice of removal.

## II. TIMELINESS OF REMOVAL

5. Plaintiff served the Summons and Complaint on Costco on July 10, 2026. The Summons, Complaint, ADR package, Notice of Case Assignment, First Amended General Order re Electronic Filing, and Civil Case Cover Sheet that were served on Costco are attached in **Exhibit A**. Additionally, counsel for Costco retrieved the Proof of Service of Summons, Minute Order, Initial Status Conference Order, and Clerk's Certificate of Service from the Los Angeles County Superior Court's website, and have attached copies to **Exhibit A**. Costco has not filed or received any other pleadings or papers, other than the pleadings copied in Exhibits A and B, prior to this Notice of Removal.

6. The time for filing a Notice of Removal does not run until a party has, under the applicable state law, been served with the summons and complaint "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

7. This Notice of Removal is timely because it is filed within 30 days of the date (July 10, 2026) the summons and complaint were served on Costco.

## III. CLASS ACTION FAIRNESS ACT REMOVAL

8. This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d)(2). As set forth below, this action is properly removable, pursuant to 28 U.S.C. § 1441(a), because this Court has original jurisdiction over the action in that (1) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, (2) Costco is neither a state nor a state official nor some other governmental entity, (3) the number of putative class members exceeds 100, and (4)

the action is a class action in which at least one class member is a citizen of a state different from that of a defendant. 28 U.S.C. § 1332(d)(2), (d)(5), (d)(6).

## IV. PLAINTIFF AND COSTCO ARE MINIMALLY DIVERSE

9. CAFA requires only minimal diversity of citizenship for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff is a citizen of a state (California) that differs from the state of Costco's citizenship, which is Washington.

10. **Plaintiff's Citizenship**. For purposes of determining diversity, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must ... be domiciled in the state."). Plaintiff is a citizen of California. Plaintiff resides in California. The evidence of Plaintiff's California residence and domicile is confirmed by a search of public records available through the LexisNexis SmartLinx system. That search shows that Plaintiff has resided in the State of California since at least 2007. Declaration of Lauren S. Schwartz ("Schwartz Decl.") ¶ 2, Exhibit A. Moreover, Costco's records reflect that Plaintiff provided a California residence address when he submitted his application for employment with Costco. Still further, Plaintiff claims to have worked as an hourly employee at a Costco warehouse in California from May 2024 to May 2026. Complaint ¶ 9.

11. **Costco's Citizenship**. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Costco is now, and since this action commenced has been, incorporated under the laws of the State of Washington, with its principal place of business in Washington and with its headquarters in Issaquah, Washington. Costco's principal place of business is in Washington under the "nerve center" test because most of Costco's executive and administrative functions occur in corporate headquarters at Issaquah, Washington. *Hertz Corp. v. Friend*, 130 S. Ct. 1181,

1192 (2010). Costco has been at all relevant times a citizen of the State of Washington. It is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

12. **Doe Defendants**. Pursuant to 28 U.S.C. §1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join a removal petition). Thus, the naming of Doe Defendants 1 to 10 does not deprive this Court of jurisdiction.

## V. COSTCO IS NOT A GOVERNMENTAL ENTITY

13. Costco is neither a state, state official, nor other governmental entity.

## VI. THERE ARE MORE THAN 100 POTENTIAL CLASS MEMBERS

14. CAFA requires that the aggregated number of members of all putative classes in the complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B). Here, Costco avers that there are more than 100 individuals who would be part of the pleaded class.

## VII. THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY MINIMUM

### A. Costco Need Only Show That The Amount In Controversy Exceeds The Statutory Minimum

15. CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs.*, LLC, 728 F.3d 975, 982 (9th Cir. 2013).

16. Although **Costco denies any liability at all**, the amount in controversy that Plaintiff **alleges** easily exceeds $5,000,000. All calculations supporting the amount in controversy are based on the Complaint's allegations (along with other information as identified herein), assuming the truth of those allegations without any admission.

17. Under CAFA, the claims of the individual class members are aggregated to

determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of class actions in federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. ... Overall, section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

18. Costco, in removing, need only plausibly claim that the amount in controversy exceeds the jurisdictional minimum. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

19. Because Plaintiff has failed to allege his particular damages, a reasonable estimate of the alleged amount in controversy is appropriate. *Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). Moreover, where a plaintiff alleges a systematic scheme of abuse, without including "any modifying language to suggest less than uniform violations," the amount in controversy can be satisfied by assuming a 100% violation rate. *Franke v. Anderson Merchandisers LLC*, No. CV 17-3241 DSF (AFMx), 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) (distinguishing *Ibarra*); *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-cv-09809-SVW-PJW, 2015 WL 898512, at *2-3 (C.D. Cal. March 3, 2015) ("Removing defendants will inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").

20. In determining the amount in controversy, courts consider the recovery sought, including penalties, as well as recoverable attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that claims for attorneys' fees should be included in amount in controversy, regardless of whether award is discretionary or mandatory). The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of Complaint's eventual award with one hundred percent accuracy."). The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Medrano v. Genco Supply Chain Solutions*, No. 1:10-cv-01555-LJO-SKO, 2011 WL 92016, at *11 (E.D. Cal. January 11, 2011) (holding that, for purposes of removal, a court "must deal with what has actually been pled").

**B. The Total Amount In Controversy Exceeds $5 million**

**1. Waiting Time Penalties Alone Exceed $5 million**

21. Plaintiff's third cause of action seeks penalties under Labor Code section 203 of up to a maximum of 30 working days of wages for failure to pay wages due when employment terminates. Complaint ¶¶ 37-39, 76-81. Plaintiff alleges that the employment of Plaintiff and many members of the Terminated Sub-Class has terminated, and that the terminated employees have not been paid all wages due at termination. Plaintiff alleges that Costco owes these terminated employees continued wages of up to 30 days. *Id*.

22. Specifically, Plaintiff claims: "**As a pattern and practice,** Defendant **regularly** failed to pay Plaintiff and the members of the Terminated Sub-Class their final wages pursuant to Labor Code §§ 201-203, including all unpaid meal period premiums and rest period premiums for violations described herein, and accordingly owe waiting time penalties pursuant to Labor Code § 203. On information and belief, Defendant has a **company-wide practice or policy** of failing to pay all accrued wages to departing employees and does not adhere to the time requirements set forth in Labor Code §§ 201-

203." Complaint ¶ 79-80 (emphasis added). He further alleges "Plaintiff and members of the Terminated Sub-Class are entitled to recover waiting time penalties in the form of continued wages for up to thirty (30) days, as well as civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code § 203." Complaint ¶ 81. The Terminated Sub-Class is defined as "all members of the Plaintiff Class whose employment ended during the Class Period." Complaint ¶ 56. Thus, Plaintiff alleges that all Costco non-exempt employees in California who have been terminated in the past three years are owed 30 days' wages. Complaint ¶¶ 37-39, 76-81.

23. A three-year limitations period applies to claims under Labor Code § 203. Since July 6, 2023 (three years before the complaint was filed), Costco had more than 30,000 non-exempt employees in California whose employment terminated. During that period, these California employees, on average, worked in excess of 4 hours per day, and earned on average in excess of $15.50 per hour[1] at the time of termination, and thus each, over the course of 30 working days, would earn in excess of $1,860 (4 hours/day * $15.50/hour * 30 days = $1,860). Very conservatively, that would be the minimum average amount of the Section 203 penalty for each terminated employee.

24. On the basis of these very conservative estimates, the Section 203 liability alone easily exceeds the CAFA threshold. Specifically, more than 30,000 terminated employees, each entitled to $1,860 or more in Section 203 penalties, would generate potential liability in a number several times more than the statutory threshold of $5 million. (Again, Costco denies there is any liability at all, but the Complaint is pleaded so broadly that the amount thus placed in controversy is very large.)

25. Costco policy is to pay California employees who terminate their employment on their last day of work, or within 72 hours if the employee quits and does not give at least 72 hours' notice. If an employee has had compensable time (including time that would have resulted in meal and/or rest period premiums) that was not

---

[1] The minimum wage in California, effective January 1, 2023, was $15.50/hour (even though Costco on average paid much more).

recorded, either on the electronic timekeeping system or otherwise, pay for that time would not be included in the final paycheck. Costco has no policy or practice to pay already terminated employees for unrecorded time that occurred during the employees' employment.

### 2. Plaintiff's Other Claims Place Even More Amounts In Controversy

26. Plaintiff's other claims place even more amounts in controversy. For example, Plaintiff seeks up to four thousand dollars per putative class member for alleged violations of California Labor Code § 226(a). Complaint ¶¶ 40-44, 82-88. Specifically, Plaintiff alleges that "Defendant knowingly and intentionally failed to furnish Plaintiff and the members of the Classes with timely, itemized statements in compliance with Labor Code § 226. Because Defendant failed to pay meal and rest period premiums at the correct regular rate of pay (incorporating Sunday Premium Pay) and inaccurately accrued sick leave, Defendant's wage statements fail to accurately reflect: (a) the total hours actually worked, (b) gross wages earned, (c) net wages earned, (d) sick leave accrual balances, and (e) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate." Complaint ¶ 85. Penalties for failure to comply with Section 226(a) are $50 for initial violations and $100 for further violations, up to a maximum of $4,000 per employee. Cal. Lab. Code § 226 (e).

27. Costco is informed and believes that it issued well over 500,000 wage statements to California non-exempt employees during the one-year limitations period applicable to Section 226 claims. Even conservatively applying only the minimum penalty of $50 per pay period would yield additional potential liability several multiples over the CAFA amount-in-controversy threshold of $5 million.

28. Costco's very conservative calculation is reasonable, because each and every wage statement would be inaccurate based on Plaintiff's allegations. (*See* Complaint ¶ 1, alleging that "This is a class action brought pursuant to California Code of Civil Procedure § 382 challenging Defendant's **systemic** illegal employment practices …"

(emphasis added); ¶ 4, "Defendant has maintained **practices** which have failed and continue to fail to pay Plaintiff and other non-exempt employees all wages" (emphasis added); ¶ 4, "[] Defendant has **systematically** failed to provide Plaintiff and members of the Class with compliant meal periods" (emphasis added); ¶ 8, "[] Defendant has engaged in, among other things, a **system** of willful violations of the California Labor Code and the appliable IWC wage orders by **creating and maintaining policies, practices and customs** that knowingly deny employees the above-stated rights and benefits" (emphasis added); ¶ 18, "The **practices and policies** which are complained of by way of this Complaint **are enforced throughout Defendant's California operations**" (emphasis added); ¶ 26, "[] [A]s a matter of **policy and/or practice**, Defendant **routinely** failed to provide Plaintiff and the members of the Plaintiff Class with timely, off-duty uninterrupted meal periods of not less than thirty (30) minutes" (emphasis added); ¶ 36, "Defendant has engaged in a **company-wide practice and/or policy** of not paying rest period premiums owed when compliant rest periods are not authorized and permitted" (emphasis added); ¶ 64, "Defendant paid meal period premiums at the base hourly rate, **systematically** underpaying premium wages" (emphasis added); ¶ 95, "Defendant **systematically** miscalculated Plaintiff's sick leave accrual .... [T]his **systematic** miscalculation affected Plaintiff and other aggrieved employees throughout their employment with Defendant" (emphasis added).

29. Courts have repeatedly held that a 100% violation rate for inaccurate wage statements is proper based on similar allegations as Plaintiff put forth here. *See, e.g.*, *Rivera v. Jeld-Wen, Inc.*, 2022 WL 3702934, at *6 (S.D. Cal. Feb. 4, 2022) (denying motion to remand; applying a 100% violation rate; "**courts have instructed that wage statement claims must be assessed in the context of the other wage-and-hour violations alleged in a complaint**"; "Plaintiffs allege Defendant had a 'policy and practice' of failing to pay Plaintiffs and purported class members with meal-and rest-period premiums and to compensate them with all regular and overtime wages. Because of the pervasiveness of these allegations, 'it is reasonable to assume that each putative

class member suffered at least one violation during any given pay period, resulting in an inaccurate wage statement.'") (emphasis added); *Johnson v. Parsec, Inc.*, 2022 WL 17407960, at *1 (C.D. Cal. Dec. 2, 2022) (denying motion to remand; "**a 100% violation rate for the[] [wage statement claim] follows logically from Plaintiffs' allegations. If the meal and rest break violations regularly occurred and were typical across the class as Plaintiffs have alleged, then necessarily the vast majority, if not all, wage statements would be incorrect** ... because those employees would not have received pay for missed breaks ....") (emphasis added); *Cavada v. Inter-Cont'l Hotels Grp., Inc.*, 2019 WL 5677846, at *8 (S.D. Cal. Nov. 1, 2019) (denying motion to remand; applying a 100% violation rate for wage statement penalties; "**since one missed meal and rest period was reasonable, that would mean that every wage statement was inaccurate and subject to the penalties. Accordingly, the Court concludes that a 100% violation rate is a reasonable assumption based on these claims.**") (emphasis added); *Nunes v. Home Depot U.S.A., Inc.*, No. 2:19-CV-01207-JAM-DB, 2019 WL 4316903, at *2 (E.D. Cal. Sept. 12, 2019) (denying motion to remand) (applying a 100% violation rate: "The Complaint alleges that Home Depot had a 'uniform policy and practice' with respect to meal breaks whereby it '**often**' failed to provide class members with all legally required meal breaks, causing class members to, '**from time-to-time,**' forfeit meal breaks without compensation. … **Given the allegations, it is reasonable to assume the class members suffered at least one violation (*e.g.* one missed meal or rest break) per pay period. This Court therefore finds, based on the Complaint, Home Depot's assumption of a 100 percent violation rate is reasonable**.") (emphasis added); *Sanchez v. Abbott Lab'ys*, 2021 WL 2679057, at *6 (E.D. Cal. June 30, 2021) (denying motion to remand) ("find[ing] a 100% violation rate for inaccurate wage statement penalties wa[s] reasonable" based on "[p]laintiff's meal period, rest period, and overtime claims"; **"when meal period and rest period violation rates are found reasonable, courts have held a 100% wage statement inaccuracy assumption may also be reasonable"**) (emphasis added). This makes perfect sense as it only takes one alleged meal break, rest break, or

wage violation during a pay period to potentially trigger a related wage statement violation.

30. Plaintiff places additional amounts in controversy with claims of meal and rest period violations, failure to provide suitable seating, failure to accrue and pay sick leave, failure to maintain accurate records, and failure to reimburse expenses. (See Complaint).

31. By way of example, Plaintiff alleges that Costco "routinely," "on many occasions," "regularly," and "frequently" failed to provide a compliant meal period after five hours of work and/or a second compliant meal period after ten hours of work. Complaint ¶¶ 26-29, 64. He also alleges that "Defendant paid meal period premiums at the base hourly rate, **systematically** underpaying premium wages" and that "[] Defendant maintained a **policy and practice** of providing meal periods that were **routinely** interrupted, shortened, or provided late." Complaint ¶ 64 (emphasis added). Plaintiff unambiguously concludes: "[] Defendant failed to provide Plaintiff and the members of the Class with compliant meal periods as required by Labor Code §§ 226.7, 512, 516, and the applicable IWC wage order, and **categorically** failed to pay any and all rest period premiums due." Complaint ¶ 65 (emphasis added).

32. Plaintiff makes similar allegations with respect to rest periods. He alleges Costco "regularly" and "routinely" failed to authorize and permit compliant rest periods for every four hours of work or major fraction thereof. Complaint ¶ 35, 72. Plaintiff unambiguously concludes: "[] Defendant failed to provide Plaintiff and Class Members with compliant rest periods as required by Labor Code §§ 226.7, 516, and 1198, and the applicable IWC wage order, and **categorically** failed to pay any and all rest period premiums due." Complaint ¶ 74 (emphasis added).

33. Plaintiff does not provide a violation rate. He simply places vague qualifications of "routinely," "on many occasions," "regularly," and "frequently" on the alleged violation practices while referring to unlawful meal and rest break policies (*i.e.*, providing meal periods that were "interrupted, shortened or provided late," providing rest

periods where class members were not "relieved of all duty," and "categorically" failing to pay meal and rest premiums at the regular rate) that uniformly allegedly applied to Plaintiff and all putative class members.

34. Where, as here, Plaintiff has vague qualifying language and does not provide a violation rate, it is reasonable for Defendant to use an estimate. In situations like this where the Plaintiff provides no violation rate, courts have approved estimates as high as sixty percent. *Sanchez v. Abbott Laboratories*, No. 2:20-CV-01436-TLN-AC, 2021 WL 2679057, at *4 (E.D. Cal. June 30, 2021). "Courts in this Circuit … have frequently upheld at least a 20% violation rate for purposes of CAFA amount in controversy calculations where the plaintiff does not specify the frequency of the alleged missed meal or rest periods." *Cabrera v. S. Valley Almond Co.*, No. 121CV00748AWIJLT, 2021 WL 5937585, at *6 (E.D. Cal. Dec. 16, 2021) (20% violation is reasonable where complaint alleges violations occurred "at times"); *Nunes v. Home Depot U.S.A., Inc.*, No. 2:19-CV-01207-JAM-DB, 2019 WL 4316903, at *2 (E.D. Cal. Sept. 12, 2019) (reasonable to assume one missed rest break and one missed meal break per week where complaint alleges that defendant had a "uniform policy and practice" with respect to meal breaks whereby it "often" failed to provide class members with all legally required meal breaks, causing class members, "from time-to-time," to forfeit meal breaks without compensation); *Trigueros v. Stanford Fed. Credit Union*, No. 21-CV-01079-BLF, 2021 WL 2649241, at *4 (N.D. Cal. June 28, 2021) (finding that defendant's use of a 20% violation rate of meal and rest breaks to calculate the amount in controversy was reasonable based on plaintiff's allegation that Defendant violated the meal and rest requirements as a "policy and practice"); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (reasonable to assume putative class members missed 2.5 meal periods and 2.5 rest periods per week based on complaint's allegations that class members "sometimes" did not receive all meal periods and defendant-employer "maintained a policy or practice" of not compensating employees for missed breaks).

35. Here, where Plaintiff does not assert a specific violation rate but alleges company-wide unlawful meal and rest period policies, Costco conservatively uses an estimate of only one meal or rest period violation per week, which is a 10% violation rate. Even this very conservative violation rate puts millions of dollars more at issue.

36. Costco is informed and believes that it employed, at any given time during the putative class period (excluding holidays), over 20,000 non-exempt employees in California. Presuming only 20,000 employees at any given time during the four-year limitations period for the Bus. & Prof. Code § 17200 claim for restitution for meal and rest break premiums, with only one meal or rest break violation per week, at a wage of $15 per hour (even though Costco on average paid much more)[2], results in additional potential liability that again easily exceeds the CAFA amount-in-controversy threshold.

37. In addition to the damages and penalties discussed above, the Complaint also seeks an award of attorneys' fees. Complaint ¶¶ 76, 81, 88, 92, 97, 103, 113 and prayer for relief. Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy for purposes of removal. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Longmire v. HMS Host U.S., Inc.*, No. 12-cv-2203, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over amount in controversy under CAFA.") (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (attorneys' fees appropriately included in determining amount in controversy).

38. The Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th

[2] The minimum wage in California, effective January 1, 2022, was $15.00/hour.

Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred up to the removal date—for example, the amount in controversy is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").

39. In the class action context, courts have found that 25% of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See Wheatley v. MasterBrand Cabinets, LLC*, No. EDCV 18-2127 JGB (SPx), 2019 WL 688209, at *7-8 (C.D. Cal. Fe. 19, 2019) (finding that an estimate of attorneys' fees of 25% reasonable); *Ramos v. Schenker, Inc.*, No. 5:18-cv-01551-JLS-KK, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]he 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 U.S. Dist. LEXIS 38667, at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 U.S. Dist. LEXIS 86920, at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25% of the common fund).

40. Thus, even under the conservative benchmark of 25% of the total recovery, attorneys' fees based on the amount in controversy established above could be several multiples of the jurisdictional amount.

41. Therefore, the amount placed in controversy by the Complaint easily satisfies CAFA's $5,000,000 requirement.

## VIII. VENUE

42. As discussed above, Plaintiff is a resident of California. Plaintiff originally sued in the Superior Court of the State of California, County of Los Angeles, within the Central District of California. Therefore, the action is properly removed to this district.

## IX. NOTICE OF REMOVAL

43. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and his counsel, and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## X. PRAYER FOR REMOVAL

44. WHEREFORE, Costco prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: August 7, 2026

SEYFARTH SHAW LLP

By: */s/ ___ Lauren S. Schwartz*
David D. Jacobson
Lauren S. Schwartz

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by Superior Court of California, County of Los Angeles 7/06/2026 3:08 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Zadorian, Deputy Clerk**

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RAY MONDELL ROSS, on behalf of himself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* LOS ANGELES COUNTY SUPERIOR
Spring Street Courthouse: 312 North Spring Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
26STCV21227

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus J. Bradley, BRADLEY/GROMBACHER LLP, 31355 Oak Crest Drive, Ste. 210, Westlake Village, CA 91361 / Ph:805-270-7100

DATE: 07/06/2026 Clerk, by A. Zadorian, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Talal Al-Hindi, Esq. (SBN 365815)
31355 Oak Crest Drive, Suite 210
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
E-Mail: kgrombacher@bradleygrombacher.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/06/2026 3:08 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Zadorian, Deputy Clerk

Attorneys for Plaintiff RAY MONDELL ROSS, on behalf of himself and all others similarly situated

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

RAY MONDELL ROSS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 to 10, inclusive,

Defendant.

**CASE NO.** 26STCV21227

**<u>CLASS ACTION</u> COMPLAINT FOR:**

**1) Failure to Provide Compliant Meal Periods and to Pay Meal Period Premiums at the Correct Regular Rate in Violation of Labor Code §§ 226.7, 512, 516, and 1198;**
**2) Failure to Provide Compliant Rest Periods in Violation of Labor Code §§ 226.7, 516, and 1198;**
**3) Failure to Pay All Wages Owed at Termination in Violation of Labor Code §§ 201-203;**
**4) Failure to Furnish Accurate, Itemized Wage Statements in Violation of Labor Code § 226(a) and Failure to Maintain Accurate Records in Violation of Labor Code § 1174.5;**
**5) Failure to Reimburse Business Expenses in Violation of Labor Code § 2802; Failure to Accurately Accrue and Pay Sick Leave in Violation of Labor Code §§ 246 and 248.5;**
**6) Failure to Provide Suitable Seating in Violation of IWC Wage Order No. 7-2001, § 14(B); and,**
**7) Violations of Business & Professions Code § 17200 et seq.**

**DEMAND FOR JURY TRIAL**

Plaintiff, RAY MONDELL ROSS (hereinafter "Plaintiff") hereby submits this Complaint against Defendant COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 to 10, inclusive (hereinafter referred to collectively as "Defendant"), on behalf of himself and the class of all other similarly situated current and former employees of Defendant as follows:

## NATURE OF THE CASE

1. This is a class action brought pursuant to California Code of Civil Procedure § 382, challenging Defendant's systemic illegal employment practices resulting in violations of California Labor Code §§ 201-203, 226(a), 226.7, 246, 248.5, 512, 516, 1174.5, 1198, 2802, IWC Wage Order No. 7-2001 (Mercantile Industry), § 14(B), California Business & Professions Code § 17200, et seq. ("Unfair Competition Law"), and the applicable Industrial Welfare Commission ("IWC") Wage Orders.

2. Plaintiff seeks relief on behalf of himself and members of the Plaintiff Class as a result of employment policies, practices, and procedures more specifically described below, which violate the California Labor Code and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, Division of Labor Standards, and which have resulted in the failure of Defendant to pay Plaintiff and members of the Plaintiff Class all wages due to them. Said employment policies, practices, and procedures are generally described as follows:

- Failure to Provide Employees with Compliant Meal Periods;
- Failure to Provide Employees with Compliant Rest Periods;
- Failure to Pay All Wages Owed at Termination;
- Failure to Reimburse Employees for Required Business Expenses;
- Failure to Accurately Accrue and Pay Sick Leave;
- Failure to Provide Suitable Seating to Employees; and,
- Failure to Provide Employees with Accurate, Itemized Wage Statements and Failure to Maintain Accurate Records.

3. At all times relevant herein, on information and belief, Defendant owns, manages, and/or operates multiple Costco warehouse retail locations throughout the State of California, including a location in the City of Los Angeles, County of Los Angeles, at which Plaintiff was employed. Defendant

employs a large non-exempt hourly workforce across its California locations, including cashier assistants, stockers, and other retail employees.

4. Defendant has maintained practices which have failed and continue to fail to pay Plaintiff and other non-exempt employees all wages. Specifically, Defendant has systematically failed to provide Plaintiff and members of the Class with compliant meal periods. Plaintiff's meal periods were regularly shortened or interrupted such that he was not fully relieved of all duties for a full thirty (30) minutes. On many occasions, Plaintiff did not receive a second meal period on days he worked more than ten (10) hours. Additionally, Defendant paid meal period premiums at the base hourly rate rather than at the "regular rate of pay" as required under Labor Code § 226.7 and Ferra v. Loews Hollywood Hotel, LLC (2021) 11 Cal.5th 858, failing to incorporate Sunday Premium Pay and other non-discretionary remuneration into the premium calculation.

5. Furthermore, Defendant failed to provide Plaintiff and other non-exempt employees with timely, complete, and uninterrupted rest periods. Plaintiff rarely, if ever, received a second rest break on shifts of six (6) or more hours. On many occasions, rest breaks were cut short, interrupted, or not provided at all. Additionally, Defendant paid rest period premiums at the base hourly rate rather than the correct regular rate of pay incorporating all non-discretionary remuneration.

6. As a result of the foregoing violations, Defendant has also failed to pay all wages owed at the time of separation of employment, failed to provide accurate wage statements, failed to accurately accrue sick leave, and failed to reimburse Plaintiff for required business expenses.

7. Plaintiff brings the claims herein as a class action on behalf of himself and other similarly situated individuals who have worked for Defendant in California, at any time from four (4) years prior to the filing of this Complaint through the resolution of this action. Plaintiff, on his own behalf and on behalf of all Class Members, brings the class claims pursuant to California Labor Code §§ 201-203, 226(a), 226.7, 246, 248.5, 512, 516, 1174.5, 1198, 2802, IWC Wage Order No. 7-2001 (Mercantile Industry), § 14(B), the applicable wage order, and under Business & Professions Code §§ 17200-17208, for unfair competition due to Defendant's unlawful, unfair, and fraudulent business acts and practices.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant has engaged in, among other things, a system of willful violations of the California Labor Code and the applicable IWC

wage orders by creating and maintaining policies, practices, and customs that knowingly deny employees the above-stated rights and benefits.

## PARTIES

9. Plaintiff, Ray Mondell Ross, is an individual over the age of eighteen (18) and is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California, residing at 1858 West 80th Street, Los Angeles, California 90047, in the County of Los Angeles. During the Relevant Time Period, Plaintiff worked for Defendant as a non-exempt hourly Cashier Assistant at Defendant's Costco warehouse location in Los Angeles, California. Plaintiff was employed by Defendant from May 22, 2024 through approximately May 21, 2026. Plaintiff's base hourly rate was $20.00 per hour.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendant Costco Wholesale Corporation is a Washington corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 999 Lake Drive, Issaquah, Washington 98027, and at all times relevant hereto has been authorized to do business and has been actively doing business in the State of California, including owning, managing, and operating multiple Costco warehouse retail locations throughout the State of California. Plaintiff's wage statements identified Costco Wholesale Corporation as the employer of record, with Federal EIN 91-1223280.

11. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant and DOES 1 to 10, inclusive, are and were doing business in the State of California, and are subject to the laws thereof, including the California Labor Code and applicable IWC wage orders.

12. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff does not know the true names or capacities of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under fictitious names. Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the class to be subject to the illegal employment practices, wrongs, and injuries complained of herein.

13. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant and DOES 1 to 10 are and were corporations, business entities, individuals, and/or partnerships, licensed to do business and actually doing business in the State of California.

14. At all times herein mentioned, each Defendant named herein was the agent, servant, and/or employee of each of the other Defendants, and in doing the things alleged herein, was acting within the course and scope of such agency, servitude, or employment and with the permission and consent of each of the other Defendants.

15. At all times herein mentioned, Defendant participated in the doing of the acts hereinafter alleged to have been done by Defendant. Defendant was acting within the course and scope of said agency and employment at all relevant times.

16. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, Defendant is the employer of Plaintiff and all Class Members and has acted and continues to act within the course and scope of such employment at all times relevant herein.

17. At all times herein mentioned, Defendant's acts and omissions proximately caused the injuries and damages herein alleged. Defendant ratified each and every act or omission complained of herein.

18. The Members of the Classes (as defined below), including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout Defendant's California operations.

**<u>JURISDICTION AND VENUE</u>**

19. The Court has jurisdiction over this class action pursuant to Article 6, Section 10 of the California Constitution and Code of Civil Procedure § 410.10.

20. Additionally, this Court has jurisdiction over Plaintiff's and the Class's claims for injunctive relief, including restitution of earned wages, arising from Defendant's unfair competition under Business & Professions Code §§ 17203 and 17204.

21. The Court has jurisdiction over Defendant because it is authorized to do business in the State of California and is registered with the California Secretary of State. Defendant does sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the

California market, to render the exercise of jurisdiction over Defendant by the California court consistent with traditional notions of fair play and substantial justice.

22. Venue is proper in Los Angeles County because the acts which give rise to this litigation occurred in this county, because Defendant operates Costco warehouse retail locations in Los Angeles, California, which is located in Los Angeles County, and because Defendant has employed Class Members in this county and transacts business in this county.

## FACTUAL ALLEGATIONS

23. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**Background**

24. Costco Wholesale Corporation owns, manages, and operates multiple warehouse retail locations throughout California, including a location in Los Angeles, California, at which Plaintiff was employed. Defendant employs a large non-exempt hourly workforce across its California locations.

25. At all times relevant herein, Plaintiff's wage statements identified Costco Wholesale Corporation, with its address at 999 Lake Drive, Issaquah, Washington 98027, as the employer of record. Defendant managed, supervised, and controlled the day-to-day operations of its California locations, including all personnel, scheduling, timekeeping, and wage payment practices applicable to Plaintiff and members of the Class.

**Defendant's Failure to Provide Compliant Meal Periods**

26. Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendant routinely failed to provide Plaintiff and the members of the Plaintiff Class with timely, off-duty, uninterrupted meal periods of not less than thirty (30) minutes.

27. Specifically, Plaintiff's meal periods were routinely shortened or interrupted due to customer demand and operational pressures such that Plaintiff was not relieved of all duties for a full thirty (30) minutes. On many occasions, Plaintiff did not receive a second meal period on days he worked more than ten (10) hours, in violation of Labor Code § 512.

28. Throughout his employment, Plaintiff's meal periods were regularly provided late — after he had already worked in excess of five (5) hours — and were frequently shortened or interrupted such

that Plaintiff was not relieved of all duties for a full thirty (30) minutes. On many occasions, Plaintiff did not receive a meal period at all before working more than five (5) hours.

29. Throughout the Class Period, Defendant regularly: (a) failed to provide Plaintiff and the members of the Plaintiff Class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours; (b) failed to provide Plaintiff and the members of the Plaintiff Class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day; (c) failed to pay Plaintiff and the members of the Plaintiff Class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and (d) failed to accurately record all meal periods.

30. The mere existence of a facially lawful meal period policy is unavailing if there are practical constraints and pressures on employees to perform their duties in ways that omit or curtail breaks. See Brinker Rest. Corp. v. Superior Court (2012) 53 Cal.4th 1004, 1040. In Augustus et al. v. ABM Security Services, Inc. (2016) 2 Cal.5th 257, the California Supreme Court reaffirmed that required meal and rest periods must be "off-duty," meaning that employees must be relieved of "all work-related duties" and must be "free from employer control" over how they "spend their time." Id. at 264, 269.

31. Defendant must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate. Ferra v. Loews Hollywood Hotel, LLC (2021) 11 Cal.5th 858.

32. Defendant knew or should have known that as a result of its policies and/or practices, Plaintiff and members of the Class were not actually relieved of all duties to take timely, uninterrupted meal periods of not less than thirty (30) minutes. Defendant further knew or should have known that it did not pay Plaintiff and members of the Class all meal period premiums when meal periods were missed, late, short, and/or interrupted. Accordingly, Defendant failed to provide all meal periods in violation of Labor Code §§ 226.7, 512(a), 516, and 1198.

**<u>Defendant's Failure to Provide Compliant Rest Periods</u>**

33. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to effectively authorize and permit Plaintiff and the members of the Plaintiff Class to take all required rest

periods, and throughout the Relevant Time Period failed to provide paid, off-duty rest periods of not less than ten (10) net minutes per four (4) hours worked.

34. Throughout his employment, Plaintiff did not always receive rest breaks to which he was entitled under California law. On many occasions, Plaintiff's rest breaks were either not provided at all, were cut short, or were otherwise not compliant with the requirements of California law.

35. Throughout the Class Period, Defendant regularly: (a) failed to provide paid rest periods of ten (10) net minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each four (4) hours of work or major fraction thereof; and (b) failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a compliant rest period was not authorized and permitted.

36. Defendant has engaged in a company-wide practice and/or policy of not paying rest period premiums owed when compliant rest periods are not authorized and permitted. Because of this practice and/or policy, Plaintiff and members of the Class have not received premium pay for all non-compliant rest periods.

**Defendant's Failure to Pay All Wages Due at Termination of Employment**

37. At all times relevant hereto, California Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) workdays.

38. Plaintiff Ross's employment with Defendant ended on or about May 21, 2026. Defendant willfully and knowingly failed to pay Plaintiff and the members of the Terminated Sub-Class upon separation of employment all accrued compensation, including but not limited to unpaid meal period premiums and unpaid rest period premiums owed for the violations described herein.

39. On information and belief, Defendant has a company-wide practice or policy of failing to pay all accrued wages to departing employees and does not adhere to the time requirements set forth in Labor Code §§ 201 and 202.

**Defendant's Failure to Provide Compliant Wage Statements**

40. During the Relevant Time Period, Defendant has knowingly and intentionally provided Plaintiff and members of the Classes with uniform, incomplete, and inaccurate wage statements. Specifically, because Defendant failed to pay meal period and rest period premiums at the correct regular rate of pay (which must incorporate Sunday Premium Pay and all other non-discretionary compensation), and because Defendant inaccurately accrued sick leave (accruing 1.60 hours rather than the correct 1.75 hours for the pay period ending May 11, 2025), Defendant's wage statements fail to accurately reflect: all hours actually worked; gross wages earned, including all meal and rest period premiums at the correct rate; net wages earned; sick leave accrual balances; and all applicable hourly rates and the corresponding number of hours worked at each rate.

41. California Labor Code § 226(a) and the applicable IWC wage order require employers to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee, on a semi-monthly basis or at the time of each payment of wages. California Labor Code § 226(e) provides that if an employer fails to comply with providing an employee with properly itemized wage statements as set forth in § 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed $4,000.

42. Because Defendant failed to pay meal and rest period premiums at the correct regular rate of pay and inaccurately accrued sick leave, Defendant's wage statements do not accurately reflect the correct net and gross wages earned, applicable rates of pay, total hours worked, or sick leave balances. As a result, Plaintiff and members of the Classes have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full.

43. Plaintiff is informed and believes, and thereon alleges, that Defendant did not maintain accurate business records pertaining to the total hours worked for Defendant by Plaintiff and the members

of the Classes as required under Labor Code § 1174.5, including records of meal period start and stop times as required by the applicable IWC wage order.

44. As a result of not having kept accurate records, Plaintiff and members of the Plaintiff Class suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing pay records.

**Facts Regarding Willfulness**

45. Plaintiff is informed and believes, and based thereon alleges, that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources backgrounds, and advisors with knowledge of the requirements of California wage and hour laws, and that at all relevant times, Defendant knew or should have known that the Plaintiff Class Members, including Plaintiff, were entitled to receive one hour of pay at the employee's regular rate of compensation for each day that a meal and rest period was not provided, accurate itemized wage statements, and all wages owed upon separation from employment.

**Unfair Business Practices**

46. Defendant has further engaged in, and continues to engage in, unfair business practices in California by practicing, employing, and utilizing the unlawful employment practices and policies outlined above.

47. Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

48. As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to perform its obligations under state law, all to Plaintiff's and the Plaintiff Class members' respective damage in amounts according to proof at the time of trial.

**Plaintiff's Exhaustion of Administrative Remedies**

49. Plaintiff is currently complying with the procedures for bringing suit specified in Labor Code § 2699.3.

50. By letter dated July 2, 2026, required notice was provided to the Labor and Workforce Development Agency ("LWDA") and Defendant, of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

51. This Complaint will be amended when more than sixty-five (65) days have passed since the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to investigate the allegations herein.

## CLASS ACTION ALLEGATIONS

52. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

53. Pursuant to Code of Civil Procedure § 382, this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

54. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

55. Plaintiff Class: All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as non-exempt employees in the State of California, at any time since four (4) years prior to filing this action through the date judgment is rendered in this action.

56. Terminated Sub-Class: All members of the Plaintiff Class whose employment ended during the Class Period. (Collectively, "Plaintiff Class" or "Class Members").

57. Numerosity: Plaintiff is informed and believes, and on that basis alleges that during the class period numerous Class Members have been employed by Defendant as non-exempt employees in the State of California. Costco Wholesale Corporation operates dozens of warehouse locations throughout California, each employing a large non-exempt hourly workforce across multiple departments, including cashier assistants, food service workers, stockers, and other non-exempt retail employees. Because so many persons have been employed by Defendant in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

58. Common Questions of Law and/or Fact: Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members

of the Plaintiff Class. Among the questions of law and fact that are relevant to the adjudication of Class Members' claims are as follows:

- Whether Plaintiff and Class Members are subject to and entitled to the benefits of California wage and hour statutes;
- Whether Defendant had a standard policy of not providing compliant meal periods to Plaintiff and members of the Plaintiff Class;
- Whether Defendant failed to record meal period start and stop times for Plaintiff and members of the Plaintiff Class;
- Whether Defendant had a standard policy of not providing compliant rest periods to Plaintiff and members of the Plaintiff Class;
- Whether Defendant failed to pay meal and rest period premiums owed to Plaintiff and members of the Plaintiff Class;
- Whether Defendant failed to pay final wages to Plaintiff and members of the Terminated Sub-Class upon separation of employment;
- Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages;
- Whether Defendant failed to provide suitable seating to cashier employees and other non-exempt employees in its California warehouse locations in violation of IWC Wage Order No. 7-2001, § 14(B);
- Whether Defendant systematically miscalculated sick leave accruals for Plaintiff and Class Members in violation of Labor Code § 246;
- Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and,
- Whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California (Bus. & Prof. Code, § 17200 et seq.).

59. Typicality: The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Defendant's common course of conduct in failing to provide its non-exempt employees

with compliant meal and rest periods, failing to pay meal and rest period premiums at the correct regular rate of pay, failing to accurately accrue sick leave, failing to reimburse required business expenses, and failing to provide suitable seating has caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class.

60. Adequacy of Representation: Plaintiff is an adequate representative of the proposed Class because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the Class. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

61. Superiority of Class Action: A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

## Failure to Provide Compliant Meal Periods

## Labor Code §§ 226.7, 512, 516, 1198, and Applicable IWC Wage Orders

## (By Plaintiff and Members of the Putative Class Against Defendant)

62. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

63. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Class Members regularly worked more than five (5) hours per shift and were entitled to a meal period of not less than thirty (30) minutes without duty.

64. Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendant routinely failed to provide Plaintiff and the members of the Class with such meal periods without duty, notwithstanding the fact that Plaintiff and the members of the Class had not waived their right to the same. Specifically, Defendant maintained a policy and practice of providing meal periods that were routinely interrupted, shortened, or provided late. Plaintiff and Class Members did not receive complete, uninterrupted second meal periods on days they worked more than ten (10) hours. Defendant further failed to pay meal period premiums at the employee's correct "regular rate of pay," which under Ferra v. Loews Hollywood Hotel, LLC (2021) 11 Cal.5th 858, must include all non-discretionary compensation, including Sunday Premium Pay. Instead, Defendant paid meal period premiums at the base hourly rate, systematically underpaying premium wages.

65. Thus, Defendant failed to provide Plaintiff and the members of the Class with compliant meal periods required by Labor Code §§ 226.7, 512, 516, and the applicable IWC wage order, and categorically failed to pay any and all meal period premiums due.

66. Defendant must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate. Ferra v. Loews Hollywood Hotel, LLC (2021) 11 Cal.5th 858.

67. Plaintiff and Class Members seek damages pursuant to Labor Code § 226.7(b) and the applicable IWC wage order, in the amount of one additional hour of pay at the regular rate for each workday that a compliant meal period was not provided, the cumulative sum of which is to be determined at trial.

68. Plaintiff and members of the Class are entitled to civil penalties, attorney's fees, costs, and interest thereon.

**SECOND CAUSE OF ACTION**

**Failure to Provide Compliant Rest Periods**

**Labor Code §§ 226.7, 516, 1198, and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

69. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

70. Labor Code §§ 226.7, 516, and 1198, and the applicable IWC wage order require employers to provide rest periods and to pay an employee one (1) additional hour of pay at the employee's regular rate for each workday that a rest period is not provided. The applicable IWC wage order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

71. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and Class Members were entitled to a paid rest period of not less than ten (10) net minutes without duty for each and every four (4) hours or major fraction thereof worked during the workday.

72. Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendant routinely failed to authorize and permit Plaintiff and the members of the Plaintiff Class with such paid rest periods without duty, notwithstanding the fact that Plaintiff and the members of the Plaintiff Class had not waived their right to the same. Plaintiff regularly did not receive rest breaks to which he was entitled, and the rest breaks he did receive were not always compliant with California law.

73. In addition to failing to provide compliant rest periods, Defendant failed to pay Plaintiff and Class Members rest period premiums at the correct "regular rate of pay." Under Ferra v. Loews Hollywood Hotel, LLC (2021) 11 Cal.5th 858, rest period premium pay must be calculated at the employee's regular rate of pay, which must incorporate all non-discretionary remuneration, including Sunday Premium Pay and other supplemental wages. Throughout the Relevant Time Period, Defendant paid rest period premiums at Plaintiff's base hourly rate of $20.00 per hour, rather than at the correct regular rate of pay that incorporates his Sunday Premium Pay. This systematic underpayment of rest period premiums constitutes a separate and independent violation of Labor Code § 226.7.

74. Thus, Defendant failed to provide Plaintiff and Class Members with compliant rest periods as required by Labor Code §§ 226.7, 516, and 1198, and the applicable IWC wage order, and categorically failed to pay any and all rest period premiums due.

75. Plaintiff and Class Members seek damages pursuant to Labor Code § 226.7(b) and the applicable IWC wage order, in the amount of one additional hour of pay at the regular rate for each

workday that a compliant rest period was not authorized and permitted, the cumulative sum of which is to be determined at trial.

76. Therefore, Plaintiff and members of the Plaintiff Class are entitled to compensation for Defendant's failure to provide rest periods, plus interest, attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 226.7(b) and the applicable wage order.

**THIRD CAUSE OF ACTION**

**Failure to Pay Wages at Time of Termination**

**Labor Code §§ 201-203 and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Terminated Sub-Class Against Defendant)**

76. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

77. At all times relevant herein, Defendant was required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to Labor Code §§ 201-203.

78. Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

79. As a pattern and practice, Defendant regularly failed to pay Plaintiff and the members of the Terminated Sub-Class their final wages pursuant to Labor Code §§ 201-203, including all unpaid meal period premiums and rest period premiums for violations described herein, and accordingly owe waiting time penalties pursuant to Labor Code § 203.

80. On information and belief, Defendant has a company-wide practice or policy of failing to pay all accrued wages to departing employees and does not adhere to the time requirements set forth in Labor Code §§ 201 and 202.

81. Plaintiff and members of the Terminated Sub-Class are entitled to recover waiting time penalties in the form of continued wages for up to thirty (30) days, as well as civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code § 203.

**FOURTH CAUSE OF ACTION**

**Failure to Furnish Accurate Itemized Wage Statements and Maintain Accurate Records**

**Labor Code §§ 226, 1174.5, and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

82. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

83. California Labor Code § 226(a) and the applicable IWC wage order require employers to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

84. California Labor Code § 226(e) provides that if an employer fails to comply with providing an employee with properly itemized wage statements as set forth in § 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed $4,000.

85. Defendant knowingly and intentionally failed to furnish Plaintiff and the members of the Classes with timely, itemized statements in compliance with Labor Code § 226(a). Because Defendant failed to pay meal and rest period premiums at the correct regular rate of pay (incorporating Sunday Premium Pay) and inaccurately accrued sick leave, Defendant's wage statements fail to accurately reflect: (a) the total hours actually worked; (b) gross wages earned; (c) net wages earned; (d) sick leave accrual balances; and (e) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate.

86. Plaintiff is informed and believes, and thereon alleges, that Defendant did not maintain accurate business records pertaining to the total hours worked for Defendant by Plaintiff and the members of the Classes as required under Labor Code § 1174.5. This is a result of, among other things, Defendant's failure to maintain accurate payroll calculation systems that correctly compute regular rates of pay and sick leave accruals as required by California law and the applicable IWC wage order.

87. As a result of not having kept accurate records, Plaintiff and members of the Plaintiff Class suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing pay records, in addition to other injuries which may come to light during the discovery process.

88. Plaintiff and the members of the Plaintiff Class herein seek damages and penalties pursuant to Labor Code § 226(e) for Defendant's violations of Labor Code § 226(a), as well as preliminary and permanent injunctive relief and an award of reasonable attorneys' fees and costs pursuant to Labor Code § 226(h).

## FIFTH CAUSE OF ACTION

## Failure to Reimburse Business Expenses

## Labor Code § 2802 and Applicable IWC Wage Orders

## (By Plaintiff and Members of the Putative Class Against Defendant)

89. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

90. Labor Code § 2802 requires employers to indemnify employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties or obedience to the directions of the employer. This obligation includes the reasonable cost of personal cell phone use where the employer requires or permits employees to use their personal devices for work purposes. See Cochran v. Schwan's Home Service, Inc. (2014) 228 Cal.App.4th 1137, 1144.

91. Throughout the Relevant Time Period, Defendant required Plaintiff and other Class Members to use their personal cell phones for work purposes, including to scan merchandise and/or use scanning applications when Defendant's company-provided scanners were malfunctioning or otherwise unavailable. Defendant did not reimburse Plaintiff or other Class Members for any portion of the costs associated with this mandatory business use of their personal cellular devices, in violation of Labor Code § 2802.

92. Plaintiff and members of the Class are entitled to recover all unreimbursed business expenses, interest thereon, and reasonable attorneys' fees and costs pursuant to Labor Code § 2802.

## SIXTH CAUSE OF ACTION

## Failure to Accurately Accrue and Pay Sick Leave

## Labor Code §§ 246, 248.5, and Applicable IWC Wage Orders

## (By Plaintiff and Members of the Putative Class Against Defendant)

93. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

94. California Labor Code § 246 requires employers to provide eligible employees with paid sick leave and to accurately accrue, track, and pay such leave. Under Defendant's accrual policy of one hour of sick leave for every thirty (30) hours worked, Plaintiff and other Class Members are entitled to sick leave accrual calculated on the basis of all hours worked in each pay period.

95. Defendant systematically miscalculated Plaintiff's sick leave accrual. For the pay period ending May 11, 2025, Plaintiff worked 52.68 hours. At the accrual rate of one hour per thirty (30) hours worked, Plaintiff was entitled to accrue 1.756 hours of sick leave (52.68 ÷ 30 = 1.756), rounded to no less than 1.75 hours. Defendant's wage statement for that period reflected only 1.60 hours of accrued sick leave — an undercalculation of at least 0.15 hours. Upon information and belief, this systematic miscalculation affected Plaintiff and other aggrieved employees throughout their employment with Defendant.

96. Furthermore, Defendant paid sick leave at the base hourly rate rather than the employee's regular rate of pay, which must incorporate all non-discretionary compensation, including Sunday Premium Pay. This further reduced the value of paid sick leave to which Plaintiff and Class Members were entitled.

97. Plaintiff and members of the Class are entitled to recover all unpaid or underpaid sick leave wages, interest thereon, and all applicable civil penalties and attorneys' fees pursuant to Labor Code §§ 246, 248.5, and 2699.

**SEVENTH CAUSE OF ACTION**

**Failure to Provide Suitable Seating**

**IWC Wage Order No. 7-2001 (Mercantile Industry), § 14(B)**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

98. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

99. IWC Wage Order No. 7-2001 (Mercantile Industry), § 14(B) provides: "When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work areas and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

100. The California Supreme Court, in Home Depot U.S.A., Inc. v. Superior Court (2016) 1 Cal.5th 638, held that employers must evaluate the seating question on a task-by-task basis, providing seating where the tasks performed at the workstation reasonably permit it, even if the overall nature of the job requires some standing. The Ninth Circuit applied this task-by-task analysis in Kilby v. CVS Pharmacy, Inc. (9th Cir. 2015) 777 F.3d 1088.

101. Plaintiff worked as a Cashier Assistant at a Costco warehouse location. The checkout workstation tasks include scanning merchandise, processing payment transactions, and waiting for customers between transactions. While active scanning requires standing, many tasks performed at the checkout station — including waiting for customers, processing payment, and pauses between transactions — can reasonably be performed while seated without impairing the performance of those duties or Defendant's operations.

102. Despite the availability of suitable seating options, Defendant failed to provide adequate seating at or near Plaintiff's workstation, and denied Plaintiff the opportunity to use a seat during intervals when seating would not have interfered with job performance. Upon information and belief, Defendant maintained a uniform company-wide policy or practice of denying cashier employees and other non-exempt employees suitable seating throughout its California warehouse locations.

103. Plaintiff and members of the Class are entitled to civil penalties, attorneys' fees, costs, and interest thereon, pursuant to Labor Code § 2699(f)(2) for Defendant's violation of IWC Wage Order No. 7-2001, § 14(B).

**EIGHTH CAUSE OF ACTION**

**Violations of Business & Professions Code § 17200 et seq.**

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

104. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

105. Business & Professions Code § 17200 defines unfair competition to include "unlawful, unfair or fraudulent business practices."

106. Plaintiff and all proposed Class Members are "persons" within the meaning of Business & Professions Code § 17204, who have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition.

107. Defendant has been committing, and continues to commit, acts of unfair competition by engaging in the unlawful, unfair, and fraudulent business practices and acts described in this Complaint, including but not limited to:

- violations of Labor Code §§ 226.7, 512, 516, and 1198;
- violations of Labor Code §§ 226.7, 516, and 1198;
- violations of Labor Code §§ 201-203;
- violations of Labor Code §§ 226(a) and 1174.5;
- violations of Labor Code § 2802;
- violations of Labor Code §§ 246 and 248.5;
- violations of IWC Wage Order No. 7-2001, § 14(B).

108. As a result of Defendant's unlawful, unfair, and/or fraudulent business acts and practices, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class Members. Defendant's unlawful, unfair, and/or fraudulent conduct has also enabled Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

109. Business & Professions Code § 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or fraudulent business acts or practices.

110. Plaintiff seeks a court order enjoining Defendant from the unlawful, unfair, and/or fraudulent activity alleged herein.

111. Pursuant to California Civil Code § 3287(a), Plaintiff and other members of the Plaintiff Class are entitled to recover pre-judgment interest on wages earned, but not paid.

112. Plaintiff further seeks an order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to himself and members of the proposed Plaintiff Class, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

113. Plaintiff seeks restitution for himself and all others similarly situated of these amounts, including all earned and unpaid wages, attorneys' fees, and costs pursuant to Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff Class and Terminated Sub-Class;

2. For an order that counsel for Plaintiff be appointed class counsel;

3. Designation of Plaintiff as the class representative of the Plaintiff Class and Terminated Sub-Class;

4. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;

5. Prejudgment and post-judgment interest on all sums awarded;

6. For compensatory damages;

7. For penalties and reimbursement pursuant to Labor Code §§ 201-203, 226, 226.7, 246, 2802, and 2699, subdivision (f)(2);

8. For interest accrued to date;

9. For costs of suit and expenses incurred herein pursuant to Labor Code §§ 226 and 1194;

10. For reasonable attorneys' fees pursuant to Labor Code § 226 and Code of Civil Procedure § 1021.5, and/or other applicable law; and,

11. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

12. California Labor Code §§ 226.7, 512, 516, and 1198 for failing to provide compliant meal periods;

13. California Labor Code §§ 226.7, 516, and 1198 for failing to provide compliant rest periods;

14. California Labor Code §§ 201-203 for failing to pay all wages owed at termination;

15. California Labor Code §§ 226(a) and 1174.5 for failing to provide accurate, itemized wage statements and failing to maintain accurate records;

16. California Labor Code § 2802 for failing to reimburse required business expenses;

17. California Labor Code §§ 246 and 248.5 for failing to accurately accrue and pay sick leave;

18. IWC Wage Order No. 7-2001, § 14(B) for failing to provide suitable seating; and,

19. Business & Professions Code §§ 17200-08 for violating the provisions set forth hereinabove.

20. For all such other and further relief that the Court may deem just and proper.

DATED: July 2, 2026

**BRADLEY/GROMBACHER LLP**

By: ______________________
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Attorneys for Plaintiff and all others similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of Plaintiff's and the Class Members' claims by jury to the extent authorized by law.

DATED: July 2, 2026

**BRADLEY/GROMBACHER LLP**

By: ______________________
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Attorneys for Plaintiff and all others similarly situated

*Superior Court of California, County of Los Angeles*

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

## TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

## ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

## DISADVANTAGES OF ADR

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

## WEBSITE RESOURCES FOR ADR

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*

  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 07/06/2026 David W. Slayton, Executive Officer / Clerk of Court By: A. Zadorian Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER: 26STCV21227 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Laura A. Seigle | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 07/07/2026 (Date)

David W. Slayton, Executive Officer / Clerk of Court

By A. Zadorian, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

**Superior Court of California County of Los Angeles**

**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**

**Consumer Attorneys Association of Los Angeles**

**Southern California Defense Counsel**

**Association of Business Trial Lawyers**

**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FAX NO. (Optional): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ____________________ (INSERT DATE) for the complaint, and ______________________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br><br>TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ______________________________)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ______________________________)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ______________________________)

Print Save Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _________________ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _________________ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FAX NO. (Optional): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

**The following parties stipulate:**

Date:

➢ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR PLAINTIFF)

Date:

➢ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR DEFENDANT)

Date:

➢ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR DEFENDANT)

Date:

➢ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR DEFENDANT)

Date:

➢ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR ____________________)

Date:

➢ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR ____________________)

Date:

➢ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR ____________________)

**THE COURT SO ORDERS.**

Date: ______________________

______________________ JUDICIAL OFFICER

Print Save Clear

FILED
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
N. Navarro
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation Stipulations | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the Civil Departments, Los Angeles Superior Court

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By Rizalinda Mina, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT – MANDATORY ELECTRONIC FILING FOR CIVIL | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Kevin C. Brazile

KEVIN C. BRAZILE
Presiding Judge

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER: 174156<br>NAME: Marcus J. Bradley, SBN 174156 / Kiley L. Grombacher, SBN 245960<br>FIRM NAME: BRADLEY/GROMBACHER LLP<br>STREET ADDRESS: 31355 Oak Crest Drive, Suite 210<br>CITY: Westlake Village STATE: CA ZIP CODE: 91361<br>TELEPHONE NO.: 805-270-7100 FAX NO.:<br>EMAIL ADDRESS: mbradley@bradleygrombacher.com<br>ATTORNEY FOR (*name*): Plaintiff Ray Mondell Ross | **Electronically FILED by Superior Court of California, County of Los Angeles 7/06/2026 3:08 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Zadorian, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 312 North Spring Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Spring Street Courthouse - Civil Unlimited, Complex Division | |
| CASE NAME:<br>Ray Mondell Ross v. Costco Wholesale Corporation | |

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 26STCV21227 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? [x] Yes [ ] No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

   a. [x] monetary
   b. [ ] nonmonetary; declaratory or injunctive relief
   c. [ ] punitive

4. Number of causes of action *(specify):* SEVEN

5. Is this case a class action suit? [x] Yes [ ] No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 2, 2026

Marcus J. Bradley, SBN 174156

(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE Ray Mondell Ross v. Costco Wholesale Corporation | CASE NUMBER 26STCV21227 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ray Mondell Ross v. Costco Wholesale Corporation | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action (check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ray Mondell Ross v. Costco Wholesale Corporation | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels __________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Ray Mondell Ross v. Costco Wholesale Corporation | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Ray Mondell Ross v. Costco Wholesale Corporation | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Spring Street Courthouse District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 07/02/2026

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**POS-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Marcus J. Bradley | SBN: 174156
Bradley/Grombacher, LLP
31355 Oak Crest Dr Ste 210 Westlake Village, CA 913614686

TELEPHONE NO.: (805) 270-7100 | FAX NO. (805) 270-7589 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff: RAY MONDELL ROSS

FOR COURT USE ONLY

**Electronically FILED by Superior Court of California, County of Los Angeles 8/05/2026 9:49 AM David W. Slayton, Executive Officer/Clerk of Court, By S. Drew, Deputy Clerk**

**LOS ANGELES SPRING STREET COURTHOUSE**

STREET ADDRESS: 312 N. SPRING STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF: RAY MONDELL ROSS

DEFENDANT: COSTCO WHOLESALE CORPORATION, A WASHINGTON CORPORATION

CASE NUMBER: 26STCV21227

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: RAY MONDELL ROSS

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ Cross-complaint
   - f. ☑ other *(specify documents)*: **Notice of Case Assignment; Order to Extend Time; First Amended General Order; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location;**
3. a. Party served *(specify name of party as shown on documents served)*:
   **COSTCO WHOLESALE CORPORATION, A WASHINGTON CORPORATION**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **JACQUELINE MEJIA OF CT CORPORATION SYSTEM - AGENTS**
4. Address where the party was served: **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203-2336**
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **7/10/2026** (2) at *(time)*: **12:57 PM**
   - b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.



Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
**POS010-1/VN237290**

| PETITIONER: RAY MONDELL ROSS<br>RESPONDENT: **COSTCO WHOLESALE CORPORATION, A WASHINGTON CORPORATION** | CASE NUMBER:<br>**26STCV21227** |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of: **COSTCO WHOLESALE CORPORATION, A WASHINGTON CORPORATION**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: **Shaunt Demirchyan - Commercial Process Serving, Inc.**
b. Address: **674 County Square Drive, Suite 107 Ventura, CA 93003**
c. Telephone number: **(805) 650-9291**
d. **The fee** for service was: **$ 180.60**
e. I am:

(1) ☑ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor.
(ii) Registration No.: **2023065327**
(iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **7/13/2026**

**Commercial Process Serving, Inc.**
**674 County Square Drive, Suite 107**
**Ventura, CA 93003**
**(805) 650-9291**
**www.comproserve.net**

**Shaunt Demirchyan**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 17

**26STCV21227**
**RAY MONDELL ROSS vs COSTCO WHOLESALE CORPORATION**

July 13, 2026
11:28 AM

Judge: Honorable Laura A. Seigle
Judicial Assistant: Bryant Cumplido
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Complex Determination

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 10/19/2026 at 09:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 17

**26STCV21227**
**RAY MONDELL ROSS vs COSTCO WHOLESALE CORPORATION**

July 13, 2026
11:28 AM

Judge: Honorable Laura A. Seigle
Judicial Assistant: Bryant Cumplido
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

---

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

Parties shall file all documents in conformity with Superior Court of Los Angeles County Local Rule 3.4, particularly the provisions requiring bookmarking (Local Rule 3.4(f)(2-5)).

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner.
https://www.lacourt.ca.gov/pages/lp/language-access-services/tp/request-a-court-interpreter

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.ca.gov/pages/lp/civil/tp/civil-case-types-and-specialty-courtrooms/cp/complex-civil-litigation.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Service is attached.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | FOR COURT USE ONLY |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA, 90012 | FILED Superior Court of California County of Los Angeles 07/13/2026 David W. Slayton, Executive Officer / Clerk of Court By: B. Cumplido Deputy |
| PLAINTIFF(S)/PETITIONER(S): Ray Mondell Ross, | |
| DEFENDANT(S)/RESPONDENT(S): Costco Wholesale Corporation | |
| **CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE** | CASE NUMBER: 26STCV21227 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Minute Order of 07/13/2026**
**Initial Status Conference Order of 07/13/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Marcus Joseph Bradley" <mbradley@bradleygrombacher.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA, 90012.

Dated: 07/13/2026

David W. Slayton, Executive Officer / Clerk of Court

By: B. Cumplido
Deputy Clerk

FILED
Superior Court of California
County of Los Angeles
07/13/2026
David W. Slayton, Executive Officer / Clerk of Court
By: B. Cumplido Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

RAY MONDELL ROSS

Plaintiffs,

vs.

COSTCO WHOLESALE CORPORATION

Defendants.

CASE NO. 26STCV21227

INITIAL STATUS CONFERENCE ORDER (COMPLEX CASES/CLASS ACTIONS)

Dept. 17
Spring Street Courthouse
Hon. Laura A. Seigle

This Initial Status Conference Order (Complex / Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes other provisions which are not repeated in this Order. Counsel should review that Minute Order carefully to be fully informed of your obligations and the processes used in the Los Angeles Superior Court Complex Courtrooms.

Pending further order, the following is ordered:

**I.** **<u>Initial Status Conference</u>**

Counsel for all parties shall appear for an Initial Status Conference ("ISC") per the Minute

Order served concurrently herewith.

Counsel representing a party at the ISC or any other status conference should be fully familiar with the facts as then understood and be able to make binding agreements respecting case management.

Parties presently engaged in mediation or who have secured a date with a mediator for mediation may stipulate to one continuance of the ISC, provided they also agree upon an e-service provider, as set forth in Item 8, below, and include the name of the provider and the date of the mediation in their Stipulation for Continuance. It is expected that parties using this procedure will timely exchange such information as is necessary to have a productive mediation and that the mediation will go forward as scheduled.

At the ISC, the Court will discuss case management, set dates for motions, and invite the parties to propose procedures to enhance efficiency and avoid duplicative or unnecessary expenditures of time. Counsel attending shall be prepared to address these issues.

At least ten (10) days prior to the ISC, all counsel shall meet, preferably by use of telephone and/or video technology, to discuss case management. Plaintiff's counsel shall take the lead in preparing a joint ISC Statement and ensuring that it is filed at least five (5) court days prior to the ISC. To the extent the parties are unable to agree on a joint submission, each party may separately present a brief statement of its position. If any party who has been served with this Order declines to participate, all other parties shall file an ISC statement.

The ISC Statement shall contain the following in the following order:

1. A succinct description of the facts of the case as then known. In wage and hour cases the nature of the employee's work, the employer's business, and the specific factual bases for claims under the Labor Code shall be provided. Citations to relevant statutes and pending appellate cases that may impact the case shall be provided.
2. A discussion of any issues of jurisdiction, venue, contractual arbitration/judicial reference that any party intends to raise and the meet and confer efforts to date on these issues. Prior to the ISC any party seeking arbitration shall have provided a copy of the applicable agreement to arbitrate to the opposing party and a decision should

have been made as to whether a motion to compel arbitration will be filed. Dates for any motions involving challenges to jurisdiction, venue, the pleadings, or referrals to arbitration will be set at the ISC.

3. Counsel should address issues such as an agreement to share the cost of class notice/opt out procedures, the adequacy of class representatives, and potential conflicts of interest among class representatives.

4. Whether the action incorrectly identifies the name of any party and whether any party intends to add parties or causes of action by way of amendment, cross-complaint, or the like.

5. The names, addresses, telephone, email, and facsimile numbers of all counsel and the parties they represent.

6. Any basis for the Court's recusal or disqualification.

7. A discussion of the identity of entities or persons other than those shown in the pleadings that may have a significant financial or other interest in the proceedings.

8. A joint recommendation for an e-service provider for inclusion in the Court's order for initiation of e-service. The parties must employ an agreed e-service provider. The parties shall identify the appointed e-service provider in the caption of each filing.

9. A brief description of any related cases pending in other courts or anticipated for future filing.

10. Whether there is insurance coverage for the dispute.

11. A plan to preserve evidence, to deploy a uniform system for identification of documents, and to protect confidentiality by, for example, executing a protective order.

12. A preliminary discovery plan, with dates, reflecting the parties' consideration of phased discovery, e.g., limiting initial discovery to a significant or dispositive issue as a predicate to an important early ruling or meaningful participation in an early mediation. In class actions, the parties should address whether discovery should initially be limited to class certification issues.

13. Where appropriate, the parties should outline a process for managing discovery of electronically stored information (ESI) by, for example, scheduling a meeting among counsel and the parties' information technology consultants in order to address (1) the information management systems employed by the parties; (2) the location and custodian(s) of information likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; and (5) appropriate search criteria for focused requests.

14. Any proposed mechanism for and the timing of mediation and/or mandatory settlement conferences to assist in resolution of the case.

15. Any issues regarding publicity which the Court should consider.

16. Recommended dates and times for trial, filing of motions for class certification, alternative dispute resolution, and deadlines (and proposed briefing schedules) for filing other anticipated motions.

17. A recommended date for the next Status Conference.

## II. <u>Reminders And Other Information</u>

1. It is the joint responsibility of counsel to file a joint status conference statement for all status conferences scheduled after the ISC, which statement shall be filed five (5) court days in advance of the status conference.

2. Counsel may secure dates for motions by calling the Courtroom Assistant. Counsel should have jointly discussed any likely contested motion with each other and the Court before it is filed so that, if possible, the matter may be resolved or narrowed by agreement or, if filed, an appropriate briefing schedule is set.

3. Unless otherwise ordered, counsel may appear remotely for all appearances. Please be in a quiet place and note that a party speaking may not hear simultaneous speech in the courtroom. Please speak slowly and pause frequently. Each counsel should advise the

others at least 24 hours in advance as to whether an appearance will be remote or in person.

4. Any message on the message board for the Court should be joint and neutral in tone. Absent good cause shown no unilateral postings are appropriate.

5. In the ordinary course, discovery motions will not be heard without an Informal Discovery Conference (IDC) pursuant to Cal. Code of Civ. Pro. § 2016.080. Counsel may arrange for an IDC by jointly posting a request on the e-service provider's message board. If all counsel are not in agreement, counsel may request an IDC by filing LACIV094. Unilateral requests for IDC by message board are not appropriate.

6. Specific direction as to the matters to be provided to the Court for the IDC and the timing of same will be given at the time the IDC is arranged and may vary depending on the nature of the dispute. Unless otherwise ordered, IDC are held by LACourtConnect and off the record.

7. It is the responsibility of all counsel to notify the Court promptly of any related case and to secure a ruling thereon. See Cal. Rules of Court, Rule 3.300 et. seq. This responsibility is on-going. A Notice of Related Case may be filed prior to the stay being lifted in this action.

8. Posting documents to the e-service provider does not constitute filing a document. See the Minute Order for further terms re efiling.

9. Counsel desiring a protective order should consult the model on the court's website and provide a redlined copy if deviations are made from same. See "Helpful Guidance From the Complex Litigation Judges" on the Complex Litigation webpage link provided in the Minute Order.

10. Any future stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure § 583.310 unless the Court so orders.

11. The dismissal of a class action requires court approval. Cal. Rules of Court, Rule 3.770(a). Counsel must submit a declaration setting forth, among other things, the reasons why a party seeks a dismissal in a class action and any and all consideration

given in exchange for the dismissal.

12. Settlement of claims filed under the Private Attorney General Act (PAGA) (whether or not filed as part of a class action) require notice to the Labor and Workforce Development Agency. Labor Code § 2699 (l)(2). A noticed hearing, with proof of service to LWDA and a proposed Order, is required to secure approval of the settlement of a PAGA claim. Settlements that include dismissal of a PAGA claim require that the Court be advised of the specific terms of any release of the PAGA claim and the consideration, if any, for same.

13. To obtain approval of a class action settlement, the parties should consult the Guidelines for Motions for Preliminary and Final Approval posted on the court's website under Tools for Litigators, as well as the posted model settlement agreements. See the link to same in the Minute Order served concurrently herewith.

**III. <u>Notice of the ISC Order</u>**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order. If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order.

Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

DATED: 07/13/2026



Laura A. Seigle / Judge